UNITED STATES of America

v.

Victor JIMENEZ–COHENETE, a/k/a Hermes Crisostomo, Appellant.

No. 05–4473.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 25, 2006.

Filed Nov. 22, 2006.

Seth Weber, Office of United States Attorney, Allentown, PA, for United States of America.

Elizabeth T. Hey, Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, for Appellant.

Before: RENDELL, CHAGARES and ROTH, Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

On February 26, 2004, Victor Jimenez–Cohenete was charged with violating 8 U.S.C. § 1326(a) and (b)(2) (reentry by an alien after deportation). Attached to the indictment was a notice of prior conviction of three counts of felony aggravated assault, which are aggravated felonies as that term is defined and used in 8 U.S.C. §§ 1101(a)(43) and 1326(b)(2). Jimenez–Cohenete pleaded guilty before the District Court. On August 6, 2004, Jimenez–Cohenete was sentenced by the District Court to 46 months incarceration, three years supervised release, and a special as-sessment of $100. On appeal, this Court vacated the sentence and remanded for resentencing under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On September 13, 2006, the District Court held a resentencing hearing and imposed the same sentence as before.

Section 1326(b)(2) increases the authorized prison sentence from a maximum of two years to a maximum of twenty years if the person's deportation followed conviction for an aggravated felony. Jimenez–Cohenete argues that, because his prior felony convictions increased the statutory maximum penalty for his reentry offense, those offenses should have been charged in the indictment and proven to a jury beyond a reasonable doubt. He contends that the Government's failure to do so violated the Fifth and Sixth Amendments. Put another way, Jimenez–Cohenete challenges the vitality of *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that facts regarding prior convictions need not be charged in an indictment, nor proven to a jury beyond a reasonable doubt), in light of subsequent Supreme Court decisions in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Booker.*

Jimenez–Cohenete's challenge, as he acknowledges, is precluded by *United States v. Ordaz,* 398 F.3d 236 (3d Cir.2005). In *Ordaz,* we recognized the "tension between the spirit of *Blakely* and *Booker* that all facts that increase the sentence should be found by a jury and the Court's decision in *Almendarez–Torres.*" *Id.* at 241. Nonetheless, bound by *Almendarez–Torres,* we held that a District Court's determination regarding the fact of a defendant's prior conviction did not violate the Fifth and Sixth Amendments. *See id.*

Jimenez–Cohenete suggests that the Supreme Court's decision in *Shepard v. United States,* 544 U.S. 13, 25–26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (holding that a sentencing court, in determining whether a burglary was a "violent felony" that resulted in an enhanced statutory minimum, had to rely on charging documents, elements of offenses, plea colloquies, and express findings by the trial judge, and could not look to police reports or complaint applications), decided two weeks after *Ordaz,* supports limiting *Almendarez–Torres.* This argument, too, is precluded by a prior decision of this Court. *See United States v. Coleman,* 451 F.3d 154, 160 (3d Cir. 2006) (holding that *Shepard* did not affect the continuing validity of *Almendarez–Torres* ).

*Almendarez–Torres* is the law of the land until the United States Supreme Court holds otherwise. *Ordaz,* 398 F.3d at 241. Accordingly, we will affirm the judgment of the District Court.